**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4575-17T2

LAWRENCE JENKINS,

    Plaintiff-Appellant,

v.

QIANA M. BROWN-MORGAN,

    Defendant-Respondent.

_____

Submitted April 1, 2019 – Decided May 29, 2019

Before Judges Haas and Mitterhoff.

On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Union County, Docket No. FD-20-1707-14.

Lawrence Jenkins, appellant pro se.

Qiana M. Brown, respondent pro se.

PER CURIAM

    Plaintiff Lawrence Jenkins appeals from the trial court's April 27, 2018 order requiring plaintiff to pay $26 per week in child support payments to

defendant Qiana M. Brown.  Plaintiff presents the following points for our review:

> I. THE TRIAL COURT ERRED IN THE CALCULATION OF THE CHILD SUPPORT AND ORDERED PLAINTIFF TO PAY DEFENDANT WEEKLY CHILD SUPPORT AND ARREARS THAT DEFENDANT WOULD NOT HAVE BEEN ENTITLED TO UNDER THE PROPER USE OF THE CHILD SUPPORT GUIDELINES.
>
> II. THE TRIAL COURT ERRED IN DISMISSING RULE 1:13-1 [sic].  EVEN IF PLAINTIFF EXCEEDED THE TWENTY-DAY LIMIT TO FILE FOR RE-EXAMINATION OF THE ORDER, THIS COURT SHOULD CORRECT THE TRIAL COURT'S DECISIONS, RECALCULATE SUPPORT BASED ON THE APPROPRIATE FINANCIAL INFORMATION, [AND] ORDER PLAINTIFF A REFUND OF ARREARS PLUS ERRANT PAYMENTS OF SUPPORT.
>
> III. ALTHOUGH PLAINTIFF AND DEFENDANT SHARE JOINT LEGAL CUSTODY WITH A 50/50 CUSTODY SCHEDULE, THE TRIAL COURT SHOWED PARTIALITY IN DESIGNATING THE DEFENDANT AS A PRIMARY PARENT OF THE MINOR CHILD WHICH PRODUCED A BIAS[ED] RESULT.

With the exception of plaintiff's contention that the trial court utilized the incorrect child support guidelines, we find that plaintiff's arguments lack sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e) (1) (E).

As for the child support guidelines, the trial court stated on the record that it would utilize the shared parenting time worksheet to recalculate child support. However, only a sole parenting worksheet is contained in the appellate record. The sole parenting worksheet is date stamped September 1, 2017 and indicates that the non-custodial parent owed weekly child support of $102. Because the appellate record is ultimately unclear as to whether the sole parenting time worksheet was utilized in conjunction with the April 27, 2018 order, we summarily remand this matter to the trial court to ensure that the sole parenting time worksheet was utilized and to recalculate child support in accordance with the shared parenting time worksheet if necessary.

Remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4575-17T2